# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMSON BUGA OKERO, ) | |
| ) | |
| Petitioner, ) | |
| v.     ) | Case No. CIV-07-224-W |
| ) | |
| ALBERTO R. GONZALES, Attorney ) | |
| General, *et al.*, ) | |
| Respondents.   ) | |

## **REPORT AND RECOMMENDATION**

Petitioner, appearing *pro se*, filed this action on February 9, 2007, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  At the time the Petition was filed, Petitioner was in the custody of the United States Immigration and Customs Enforcement ("ICE") and challenged his continued detention at the Oklahoma County Detention Center.[2]  Pending before the Court are the Federal Respondents' Response to Petition for Writ of Habeas Corpus [Doc. #9] and Motion to Dismiss After Removal of Alien [Doc. #11].  In the Respondents' Motion to Dismiss, Respondents state that Petitioner is no longer in ICE

---

[1] Petitioner originally filed this action in the United States District Court for the Northern District of Texas.  The action was transferred to this judicial district by Order dated February 16, 2007.  *See* Order of Transfer [Doc. #1].

[2] In addition to naming the United States Attorney General and other federal officials as respondents in this action, Petitioner also named John Whetsel, Sheriff of the Oklahoma County Detention Center.  At the time the Petition was filed, Whetsel was Petitioner's immediate custodian.  Because the Court finds Petitioner's removal from the United States renders his habeas petition moot, it is not necessary to decide the proper respondent(s) in this action.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 436 n. 8 (2004) (noting split among courts as to whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and declining to address application of immediate custodian rule).

custody and has been removed from the United States to Kenya. To date, Petitioner has not responded to the Motion nor sought an extension of time in which to respond.

The matter had been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). It is recommended that Petitioner's action be dismissed.

**Relevant Facts/ Case Background**

At the time the Petition was filed, on February 9, 2007, Petitioner was in ICE custody and had been detained at the Oklahoma County Detention Center. Petitioner alleges he is a native and citizen of Kenya.

On October 22, 2003, an immigration judge entered an order granting Petitioner voluntary departure in lieu of removal. *See* Respondents' Motion to Dismiss, Exhibit 2, Order of the Immigration Judge. Petitioner was required to depart from the United States at his own expense on or before February 19, 2004. *Id*.

Petitioner did not voluntarily depart within the allotted time period and as a result, the order of voluntary departure became an order of removal by its own terms and by operation of law. *See id*. *See also* 8 C.F.R. § 1240.26(b)(3)(ii) and (d).

On November 19, 2004, Petitioner was arrested but released on an Order of Supervision. *See* Respondents' Motion, Exhibit 3, Order of Supervision. The Order of Supervision was later revoked due to violations of the conditions set forth therein. *See id*., Exhibits 4-6.

On June 22, 2006, Petitioner began serving a one-year sentence on state charges. *See* Respondents' Motion, Exhibit 4, Misdemeanor Judgment. On June 30, 2006, ICE issued

a Notice of Revocation of Release advising Petitioner he would be kept in ICE custody. *See id.*, Exhibit 5, Notice of Revocation of Release.

On February 9, 2007, Petitioner filed this action. Leniently construing the Petition, Petitioner claims that pursuant to the United States Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001), his continued detention under 8 U.S.C. § 1231(a)(6) violates the statutory authority granted to ICE. Petitioner also alleges his continued detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment. As relief, Petitioner seeks his immediate release from ICE custody.

On April 25, 2007, Petitioner was removed from the United States and returned to Kenya. *See* Respondents' Motion, Exhibit 8, Warrant of Removal/Deportation. Therefore, Petitioner is no longer in the custody of ICE.

## Discussion

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III . . . ." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision. *Id*.

A writ of habeas corpus may be granted pursuant to § 2241 only if the petitioner is "in custody." 28 U.S.C. § 2241(c). A habeas corpus petition is not moot, however, merely

because the petitioner is no longer in custody.  Rather, the relevant inquiry is whether the petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Petitioner's release from custody and removal from the United States renders his habeas petition moot.  Because he is no longer in ICE custody, the relief he requests is no longer available and cannot be redressed by a favorable judicial decision.  *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (alien's habeas challenge to legality of detention without an opportunity for bond or a bond hearing was rendered moot by execution of removal order and his release from custody); *Riley v. Immigration & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (habeas petition filed by non-criminal alien challenging his continued INS detention pending removal from the United States was rendered moot by his supervised release from detention).  *See also Sule v. Immigration & Naturalization Serv.*, No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999) (unpublished op.) (petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention).  In addition, no exceptions to the mootness doctrine are apparent in the record.  Therefore, the action no longer presents a case or controversy subject to this Court's jurisdiction and should be dismissed as moot.

## **RECOMMENDATION**

It is recommended that Respondents' Motion to Dismiss [Doc. #11] be granted and that Petitioner's action be dismissed.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by July   12th  , 2007. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this case.

ENTERED this   22nd   day of June, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE